IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02136-M-RJ

| | | |
|---|---|---|
| ANTONIO MOSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHNSTON COUNTY DETENTION CENTER, | ) | |
| | ) | |
| Respondent. | ) | |

On July 24, 2024, Antonio Moss, A.K.A. Antonio Bey ("petitioner"), a state pretrial detainee, filed *pro se* what the court construed as a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. See [D.E. 1]. In response to an order of deficiency, Order [D.E. 3], petitioner filed a corrected petition on the forms prescribed for use by the court, Pet. [D.E. 4], and a motion seeking leave to proceed *in forma pauperis*, Mot. [D.E. 5]. Petitioner also filed what the court construes as a motion to amend his petition. Mot. [D.E. 6].

As an initial matter, the court GRANTS IN PART petitioner's August 5, 2024, motion [D.E. 6] to the extent he seeks to amend his petition. See Fed. R. Civ. P. 15(a).

Under 28 U.S.C. § 2243, the court now conducts its initial review of the corrected petition, as amended, and, for the following reasons, dismisses the action without prejudice.

Petitioner's Filings:

Petitioner asserts that he is awaiting trial at the Johnston County Detention Center and challenges his pending state criminal charges. See Pet. [D.E. 4] at 1–2. Petitioner indicates that he filed no first, second, or third appeal, writing "they haven't allowed me to any procedural setting because I filed a counterclaim as to the validity of it [sic]." Id. at 2. As to other appeals,

petitioner states that, on February 25, 2024, he filed a "writ of quo warranto, [a] writ of error, [and a] writ of habeas corpus" in Johnston County Superior Court, but he received no result. Id. at 4.

As to his grounds for relief, petitioner states, *inter alia*: 1) "they have [him] detained under a fictitious corporate entity" as "they know [his] noble title is Antonio Bey [sic]"; 2) he did not receive a trial between March and July 2024, and the jailers are conspiring with the District Attorney to not allow him to present his case; and 3) he "called them out on their wrongs," they cannot produce documents he requested, and he was kidnapped by law enforcement. Id. at 5–6. Petitioner also alleges his mail has been opened outside of his presence and he is only allowed to have pencils. Id. at 7. As to additional grounds for relief, petitioner states: "I was never given a trial to have an appeal. They are in violation of the treaty between the Moroccan Empire and the United States and the United States Constitution and laws of the United States [sic]." Id.

For relief, petitioner states:

> I want the Court to have the Clerk of Superior Court of Johnston County to send a copy of my claim to the federal Clerk. Honor my claim[,] restore me back to my estate[,] let me go Immediately from [their] custody[, and] make defendants [sic] pay for the filing because of [their] arrogance. We are here. We can negotiate but they need to let me go now [sic].

Id.

In his August 5, 2024, motion, petitioner states, *inter alia*, that: his appellation is Antonio Bey; his filings should be accepted as legible; and that he is not required to pay a filing fee because he is a "prisoner of war being held for ransom [sic]." Mot. [D.E. 6] at 1–2.

Discussion:

A district court may grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

2

Petitioner's claims alleging constitutional infirmities in ongoing state criminal proceedings plainly are unexhausted. Despite the absence of an explicit exhaustion requirement in the statutory language of § 2241, if issues raised in a pretrial detainee's petition may be resolved either by trial on the merits in the state court, or by other state procedures available to the petitioner, the pretrial detainee must exhaust these remedies to be eligible for § 2241 relief. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–92 (1973); Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010); Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976).

"A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing]' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (citations and quotation marks omitted). Only under "special circumstances" will a court find a detainee exhausted remedies before trial. Braden, 410 U.S. at 489; see Brazell v. Boyd, 991 F.2d 787, 1993 WL 98778, at *2 (4th Cir. Apr. 5, 1993) (per curiam) (unpublished table decision) (noting that, "where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court[,] no special circumstance is shown." (citation omitted)).

Alleged Sixth Amendment speedy trial violations are not a "special circumstance" under Braden because the claim may be raised at trial and on direct appeal. See United States v. MacDonald, 435 U.S. 850, 863 (1978) (declining to permit interlocutory review of pretrial denial of defendant's speedy trial motion); see also Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir. 1987) ("[P]re-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial"), cert. denied, 484 U.S. 956 (1987).

3

Here, although petitioner purportedly has filed a motion seeking various writs in the Johnston County Superior Court, it is clear on the face of the petition that he did not fully exhaust his state-court remedies before filing this action and, because the court discerns no "special circumstances," petitioner is not entitled to the issuance of the writ for the purported constitutional infirmities in his ongoing state criminal proceedings. See Braden, 410 U.S. at 489 ("[N]othing we have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

To the extent petitioner asks the court to intervene in his ongoing state criminal prosecution and to allow to proceed his claims regarding purported violations of his constitutional rights, under the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37, 43 (1971), the court must abstain from exercising jurisdiction if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); cf. Kugler v. Helfant, 421 U.S. 117, 124 (1975) (noting Younger doctrine exceptions).

Here, the court finds that Younger abstention is appropriate and no exception to the doctrine applies. See Nivens, 319 F.3d at 153.

Accordingly, because petitioner's claims either are unexhausted or merit abstention under the Younger doctrine, it is clear from the face of the petition that he is not entitled to the requested § 2241 habeas relief. See 28 U.S.C. § 2243 (providing courts need not seek a response when it is clear on the face of the petition that petitioner is not entitled to relief).

4

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Conclusion:

In sum, the court: GRANTS IN PART petitioner's pending motion to the extent he seeks to amend his petition [D.E. 6]; DISMISSES WITHOUT PREJUDICE the instant § 2241 petition either as unexhausted or pursuant to the Younger abstention doctrine; DENIES AS MOOT the motion for leave to proceed *in forma pauperis* [D.E. 5]; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED this 23rd day of October, 2024.

RICHARD E. MYERS II
Chief United States District Judge

5